1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRODERICK WARFIELD,                        No.  2:25-cv-00557-TLN-SCR

12                        Plaintiff,

13          v.                                   ORDER AND FINDINGS AND
                                                 RECOMMENDATION
14    SOLANO COUNTY SUPERIOR COURT,
      et al.,
15
                        Defendants.
16

17
            Plaintiff is proceeding pro se in this action, which is accordingly referred to the
18
      undersigned pursuant to Local Rule 302(c)(21).  Plaintiff has filed a request for leave to proceed
19
      in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  *See* 28 U.S.C.
20
      § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.
21
            In the less than three months this action has been pending, Plaintiff has also filed a first
22
      amended complaint (FAC) (ECF No. 13) and thirteen other motions, many of them duplicative.
23
      For the reasons provided below, the Court finds Plaintiff's FAC is legally deficient and
24
      recommends that it be dismissed without leave to amend.  The Court also denies the thirteen
25
      pending motions.
26
      ////
27
      ////
28
                                                 1

1          I.  SCREENING

2     A.     Legal Standard

3          The federal IFP statute requires federal courts to dismiss a case if the action is legally

4    "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

5    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In

6    reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

7    Procedure.

8          Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

9    plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

10    court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

11    to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

12    sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

13    Fed. R. Civ. P. 8(d)(1).

14          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

15    *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

16    court will (1) accept as true all of the factual allegations contained in the complaint, unless they

17    are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

18    plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von*

19    *Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.*

20    *denied*, 564 U.S. 1037 (2011).

21          The court applies the same rules of construction in determining whether the complaint

22    states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court

23    must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must

24    construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

25    less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the

26    court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v.*

27    *U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of

28    a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

2

1    555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2          To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

3    state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

4    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

5    reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

6    678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

7    to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v.*

8    *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

9          B.    The Complaint and First Amended Complaint

10         Plaintiff's original complaint was thirteen pages long, and attached over 100 pages of

11   heavily redacted exhibits. ECF No. 1. Plaintiff named approximately fifteen defendants,

12   including law enforcement divisions, several state court judges, county prosecutors, and public

13   defenders. *Id*. at 8. The factual background consisted of only three sentences, wherein Plaintiff

14   discussed making two calls to 911 in November 2011. *Id.* at 9.

15         On April 10, 2025, Plaintiff filed a FAC. The FAC is fifteen pages and does not include

16   exhibits. It appears to name the same fifteen defendants, and two additional defendants. ECF

17   No. 13 at 1. The action purports to be brought under the False Claims Act. *Id.* at 9. The factual

18   background portion of the FAC is again just three sentences, and again concerns the making of

19   two 911 phone calls in November 2011. *Id*. at 11. Plaintiff alleges that Defendants violated the

20   Health Insurance Portability and Accountability Act ("HIPAA"). *Id.* at 12. Plaintiff makes the

21   further conclusory allegation that Defendants violated the Espionage Act by disclosing classified

22   national defense information. *Id.* at 13. Plaintiff seeks monetary and injunctive relief.

23         C.    Plaintiff's Prior Actions

24         Plaintiff has filed at least three prior actions in this Court about the same subject matter.

25   The Court will briefly discuss them in chronological order:

26      1. *Warfield v. Solano County Public Defenders*, et al., 2:22-cv-00782-TLN-JDP (the "2022

27      action"): In this case, Plaintiff sued eight defendants including attorneys, judges, and a hospital.

28   Plaintiff filed twenty-one different complaints (*See* ECF No. 35, Twentieth Amended Complaint).

                                    3

1    Magistrate Judge Peterson recommended the action be dismissed.  ECF No. 31.  In summarizing

2    the factual allegations, Judge Peterson recounts that Plaintiff brought a RICO claim concerning a

3    phone call to 911 in 2011.  *Id.* at 3.  Judge Peterson recommended dismissal for failure to state a

4    claim, and Judge Nunley dismissed the action.  ECF No. 37.  Plaintiff appealed, and on May 22,

5    2023, the Ninth Circuit dismissed the appeal as frivolous.  ECF No. 44.

6        2.  *Warfield v. Solano County Sheriffs, et al.*, 2:24-cv-02886-DJC-CSK (the "2024

7    action"): Plaintiff named sixteen defendants, including many law enforcement officers and

8    attorneys.  Plaintiff alleges that defendants "mishandled credible threat 911 calls" in November

9    2011.  ECF No. 1 at 6.  Plaintiff filed numerous motions in the action, including several motions

10   to seal.  Plaintiff filed a first amended complaint where again the factual background portion

11   discussed 911 calls in November 2011.  ECF No. 32 at 9.  Magistrate Judge Kim recently

12   recommended that the action be dismissed on the basis of res judicata as precluded by the 2022

13   action.  ECF No. 49.  The recommendation further stated that it appeared from the face of the first

14   amended complaint that the action was frivolous.  *Id.* at 2.

15       3.  *Warfield v. California Highway Patrol, et al.*, 2:25-cv-00489-DAD-AC (the "2025

16   action"): Plaintiff named five defendants, including law enforcement and the district attorney.

17   ECF No. 1.  The factual background of the complaint was the same as herein, three sentences

18   describing two calls to 911 in November 2011.  *Id.* at 9.  The complaint also made references to

19   HIPAA and the Espionage Act.  *Id.* at 11.  Magistrate Judge Claire recommended that the action

20   be dismissed as duplicative of the 2024 case.  Judge Claire described the action as raising

21   "violations of the False Claims Act and HIPAA regarding systemic failures in emergency

22   protocols in Solano County."  ECF No. 4 at 2.  The order further stated: "Plaintiff's claims arise

23   out of two 911 calls he made on November 5, 2011."  *Id.* at 2-3.  After the F&R was issued,

24   Plaintiff chose to voluntarily dismiss the action.  ECF No. 5.

25       D.    Analysis

26       Plaintiff has now filed at least four federal lawsuits concerning calls made to 911 in

27   November 2011.  The Court recommends this action be dismissed for several reasons.  First, this

28   action appears duplicative of the 2024 action.  *Adams v. California Dep't of Health Servs.*, 487

1  F.3d 684, 688-89 (9th Cir. 2007) (overruled on other grounds *Taylor v. Sturgell*, 553 U.S. 880

2  (2008)).  The Ninth Circuit clarified in *Adams* that "in assessing whether the second action is

3  duplicative of the first, we examine whether the causes of action and relief sought, as well as the

4  parties or privies to the action, are the same." 487 F.3d at 688. "A suit is deemed duplicative if

5  the claims, parties and available relief do not vary significantly between the two actions."

6  *Shappell v. Sun Life Assur. Co*., No. 2:10-CV-03020-MCE, 2011 WL 2070405, at *2 (E.D. Cal.

7  May 23, 2011).

8      Second, it appears from the face of the FAC that Plaintiff fails to state a claim because his

9  claims are time-barred.  Plaintiff complains of events that occurred in 2011, more than 13 years

10  prior to the filing of this action.  Although the FAC is in some respects difficult to discern, it is

11  captioned as a "complaint for violations of the False Claims Act" and Counts 1 and 2 are

12  violation of the False Claims Act.  ECF No. 13 at 1 & 12.  The generally applicable statute of

13  limitations for claims under the False Claims Act is six years.  *See Graham County Soil & Water*

14  *v. U.S. ex rel Wilson*, 545 U.S. 409, 415 (2005) ("Under § 3731(b)(1), 'a civil action under

15  section 3730 may not be brought …more than 6 years after the date on which the violation of

16  section 3729 is committed.").  Plaintiff alleges violation of Section 3729.  ECF No. 13 at 12.

17  Therefore, it appears the six-year period of limitations expired in 2017.  Even if Plaintiff could

18  allege some mechanism for tolling, it would be barred by the the-year statute of repose.  *See*

19  *United States v. Scan Health Plan*, 2017 WL 4564722, *8 (C.D. Cal. Oct. 5, 2017) (describing 31

20  U.S.C. § 3731(b)(2) as a "statute of response" under which in no event may a claim be brought

21  more than ten years after the date the violation is committed).

22      Third, the allegations are conclusory and the FAC fails to comply with Rule 8 and fails to

23  state a claim under Rule 12(b)(6).  "[U]nder either the false certification theory or promissory

24  fraud theory, the essential elements of False Claims Act liability remain the same: (1) a false

25  statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing

26  (4) the government to pay out money or forfeit moneys due."  *U.S. ex rel. Hendow v. Univ. of*

27  *Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006).  Claims under the False Claims Act must be pled

28  with particularity.  *See Cafasso v. General Dynamics C4 Systems*, 637 F.3d 1047, 1055 (9th Cir.

5

1   2011) ("we hold that claims of fraud or mistake—including FCA claims—must, in addition to

2   pleading with particularity, also plead plausible allegations.").  To the extent Plaintiff's claim is

3   based on some alleged breach of HIPAA, the statute provides no private right of action.  *See*

4   *Webb v. Smart Document Solutions*, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides

5   no private right of action.").

6   Plaintiff's allegations are conclusory.  He alleges that "Defendants knowingly made false

7   claims regarding their compliance with Breach notification Rule and federal emergency

8   management standards outlined in frameworks such as the National Response Framework."  ECF

9   No. 13 at 9.  Plaintiff alleges "Defendants disregarded Relator's help and warnings and failed to

10  act on critical information concerning public safety threats."  *Id.* at 11.  Some of Plaintiff's

11  assertions are entirely conclusory, such as: "Defendants knowingly presented, caused to be

12  presented, false claims to the government regarding their compliance with federal emergency

13  management standards."  *Id.* at 12.  Plaintiff makes all of his allegations collectively against

14  "Defendants" and does not specify the alleged actions of any Defendant.  This is especially

15  problematic when there are more than fifteen Defendants and they have quite varied roles--

16  including a dentist, the department of corrections, police departments, judges, and "Mr. Hale, aka

17  Mr. Hell."  ECF No. 13 at 1.

18  Fourth, to the extent the action arises from the same common nucleus of operative fact as

19  the 2022 action, and involves the same claims and parties, those claims are barred by res judicata.

20  The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties

21  or their privies based on the same cause of action.  *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l*

22  *Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).  The doctrine of res judicata, also known as claim

23  preclusion, is applicable when there is (1) an identity of claims; (2) a final judgment on the merits;

24  and (3) identity or privity between parties. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708,

25  713 (9th Cir. 2001).  When the doctrine applies, it "'bar(s) all grounds for recovery which could have

26  been asserted, whether they were or not in a prior suit between the same parties …" *Costantini v.*

27  *Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (*quoting Ross v. IBEW*, 634 F.2d 453, 457

28  (9th Cir. 1980)).  In addressing whether res judicata applies, the court evaluates whether the claims

1    asserted "arise out of the same transactional nucleus of facts" as the prior action. *See id.* at 1202

2    (quoting *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980)).  A court may sua sponte dismiss an

3    action based on the doctrine of res judicata, even though the doctrine is normally raised as an

4    affirmative defense.  *Arizona v. California*, 530 U.S. 392, 412 (2000)

5         The in forma pauperis statute, 28 U.S.C. § 1915(e) provides that this Court "shall dismiss

6    the case at any time" if it determines that the action is "frivolous or malicious" or fails to state a

7    claim on which relief may be granted.  As discussed above, Plaintiff brought similar claims in

8    2022, the action was dismissed, and the Ninth Circuit dismissed the appeal as frivolous.  The

9    Court concludes the instant action similarly appears frivolous, in that it "lacks an arguable basis

10   either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court additionally

11   concludes that the FAC fails to state a claim for the reasons outlined above.

12        The Court has considered whether Plaintiff should be allowed leaved to amend.  Plaintiff

13   is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely

14   clear that the deficiencies cannot be cured by amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212

15   (9th Cir. 2012).  The Court concludes that leave to amend would be futile.  Plaintiff has brought

16   four actions arising from the same factual background, and in one of those actions filed 20

17   complaints.  Any further leave to amend would be futile.  Futility of amendment is a sufficient

18   ground to deny leave to amend.  *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d

19   980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports

20   the refusal to grant leave to amend.").

21        E.    Plaintiff's Pending Motions

22        Plaintiff has filed twelve motions to seal (ECF Nos. 3, 5-12, 14, 16-17).  These motions

23   are duplicative and unnecessary.  It appears most of the items Plaintiff seeks to seal were filed as

24   attachments to the original complaint in heavily redacted format.  Plaintiff has filed motions to

25   seal in his other actions.  Judge Claire disposed of the motion by stating: "Considering the court's

26   recommendation that this case be dismissed as duplicative of an already existing, unsealed case,

27   the court concludes that there is no good cause to seal this case." (ECF No. 4 in Case # 25-cv-

28   00489-DAD-AC).  Judge Peterson and Judge Kim also denied motions to seal in the above

                                          7

1    referenced actions.  The Court will deny all twelve of Plaintiff's motions to seal.

2         Plaintiff also filed a motion for extension of time (ECF No. 15).  The motion seeks an

3    additional 14-days to obtain and submit vital records/statistics and to file them under seal.  The

4    motion is unnecessary, and there is no deadline that needs extending.  The motion is denied.

5                                    II.  CONCLUSION

6         Accordingly, **IT IS HEREBY ORDERED** that:

7    1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

8    2.  Plaintiff's twelve motions to seal (ECF Nos. 3, 5, 6, 7, 8, 9, 10, 11, 12, 14, 16, 17) are

9         DENIED; and

10   3.  Plaintiff's motion for extension of time (ECF No. 15) is DENIED.

11        **IT IS FURTHER RECOMMENDED** that:

12   1.  Plaintiff's action be dismissed without leave to amend; and

13   2.  The Clerk be directed to enter judgment and close this file.

14        These findings and recommendations will be submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days**

16   after being served with these findings and recommendations, either party may file written

17   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

18   Findings and Recommendations."  The parties are advised that failure to file objections within the

19   specified time may result in waiver of the right to appeal the district court's order.  *Martinez v.*

20   *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

21   DATED: May 2, 2025

22

23                                    _____

24                                    SEAN C. RIORDAN
                                      UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                          8