UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRODERICK WARFIELD,<br><br>        Plaintiff,<br><br>    v.<br><br>SOLANO COUNTY SUPERIOR COURT, et al.,<br><br>        Defendants. | No. 2:25-cv-00557-TLN-SCR<br><br>**ORDER** |

    This matter is before the Court on *pro se* Plaintiff Broderick Warfield's ("Plaintiff") Motion for Reconsideration of this Court's May 30, 2025 Order and request for a protective order. (ECF No. 30.) No opposition has been filed. For the reasons set forth below, the Court DENIES Plaintiff's motion and request.

///

///

///

///

///

///

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On February 18, 2025, Plaintiff filed a complaint against approximately fifteen defendants including law enforcement divisions, state court judges, county prosecutors, and public defenders, concerning two phone calls made to 911 in November of 2011.  (ECF No. 1 at 9.)  Plaintiff filed a First Amended Complaint on April 10, 2025, and a Second Amended Complaint on May 5, 2025, without leave of court.  (ECF Nos. 13, 20.)  On May 6, 2025, the assigned magistrate judge issued findings and recommendations, recommending Plaintiff's action be dismissed without leave to amend.[1]  (ECF No. 18.)  The magistrate judge's findings and recommendations detailed the procedural history of Plaintiff's previous actions on the same subject matter.  (*Id.* at 3–4.)  Plaintiff filed objections to the findings and recommendations.  (ECF No. 21.)  He also filed several motions, primarily motions to seal.  (ECF Nos. 22, 23, 24, 26.)  On May 30, 2025, this Court adopted the magistrate judge's findings and recommendations in full, dismissed the action with prejudice, and closed the case.  (ECF No. 27.)  On the same day, the Clerk of the Court entered Judgment.  (ECF No. 28.)  Plaintiff now seeks reconsideration of this Court's May 30, 2025 Order (ECF No. 27) and seeks a protective order.  (ECF No. 30.)

## II.    STANDARD OF LAW

The Court may grant reconsideration under Federal Rules of Civil Procedure ("Rule") 59(e) or 60.  *See Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995).  A motion to alter or amend a judgment under Rule 59(e) must be filed no later than twenty-eight days after the entry of judgment.  Fed. R. Civ. P. 59(e).  Therefore, a "motion for reconsideration" is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from judgment or order.  *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016); *see Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001).  Plaintiff's motion was filed within twenty-eight days of entry of judgment and is therefore construed as a motion to alter or amend

---

[1] Along with issuing findings and recommendations, the magistrate judge granted Plaintiff's motion to proceed in forma pauperis and denied Plaintiff's thirteen motions to seal.  (ECF No. 18.)

2

1 | the judgment under Rule 59(e).

2 |     Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). Nevertheless, a motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." *McDowell*, 197 F.3d at 1255 (citation omitted) (emphasis in original). Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted) (emphasis in original).

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co.*, 634 F.3d at 1111.

### III. ANALYSIS

Turning first to Plaintiff's Motion for Reconsideration, Plaintiff appears to argue this Court's May 30, 2025 Order should be reconsidered because two of his exhibits were overlooked and not properly considered. (ECF No. 30 at 2–3.) Specifically, Plaintiff contends Exhibit X-1 to his Amended Motion to Seal (ECF No. 7) and Exhibit "Vital Statistics" to his Ex Parte Motion to File Under Seal (ECF No. 12) were overlooked and should have been considered in the magistrate judge's findings and recommendations. (ECF No. 30 at 2–3.) Plaintiff later appears to argue that newly discovered evidence supports his Motion for Reconsideration. (*Id.* at 5.) Plaintiff describes the new evidence, "Exhibit US FISCAL REPORT" (ECF No. 22), as related to the "newly added HIPPA compliance privacy security rule violation" in his Joinder Motion (ECF No. 23). (ECF No. 30 at 5.) Plaintiff also mentions a newly added defendant, "defendant # 19."

3

(*Id.*)

Plaintiff fails to provide sufficient facts or arguments to justify reconsideration of this Court's prior Order under Rule 59(e). *See Allstate Ins. Co.*, 634 F.3d at 1111 (listing the four basic grounds upon which a Rule 59(e) motion may be granted). First, Plaintiff does not identify any manifest error of law or fact with respect to the consideration afforded to the two exhibits Plaintiff identifies in his motion. There is no indication that the magistrate judge did not consider these exhibits. The magistrate judge's order and findings and recommendations cite the motions containing these exhibits. (*See* ECF No. 18 at 7–8.)

Second, Plaintiff does not present newly discovered evidence. Plaintiff claims certain exhibits are newly discovered evidence. (ECF No. 30 at 5 (referencing ECF Nos. 22, 23).) However, these exhibits were submitted in support of motions filed before the Court entered the contested Order and Judgment. These exhibits therefore cannot be considered newly discovered. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (recognizing parties cannot use Rule 59(e) to "present evidence that could have been raised prior to the entry of judgment").

Finally, Plaintiff fails to demonstrate how reconsideration is necessary to prevent manifest injustice or is justified by an intervening change in controlling law. Plaintiff also does not describe how adding a new defendant is a permissible basis for reconsideration of the Court's Order. *See Allstate Ins. Co.*, 634 F.3d at 1111. For these reasons, the Court DENIES Plaintiff's Motion for Reconsideration.

The Court now addresses Plaintiff's request for a protective order. The Court has reviewed Plaintiff's request for a protective order and finds it is hard to discern what relief Plaintiff requests. (ECF No. 30 at 5–38.) Plaintiff asks the Court to extend an "Umbrella Extended Protective Order" to several outside cases, but no protective order has been entered in this case. (*Id.* at 7–8.) It is unclear to the Court what the "Umbrella Extended Protective Order" refers to. The Court is thus unable to evaluate Plaintiff's request that said protective order extend to restrict access to other documents. (*Id.* at 11–12.) Because Plaintiff's request is unclear and the Court declines to reopen Plaintiff's case, the Court DENIES Plaintiff's request for a protective order.

4

## IV. CONCLUSION

For the foregoing reasons, the Court finds Plaintiff has not established sufficient grounds under Rule 59(e) to seek reconsideration of this Court's May 30, 2025 Order. Accordingly, Plaintiff's Motion for Reconsideration is DENIED. (ECF No. 30.) Further, Plaintiff's request for a protective order is DENIED. (*Id.*) All other pending motions and requests (ECF Nos. 33, 35, 38, 39, 40, 42, 45, 47, 48, 49, 50, 52, 53, 55, 56, 57) are DENIED as moot. The Court will not accept any further filings in this case.

IT IS SO ORDERED.

Date: November 3, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE